MEMORANDUM **
Florencia Francisco-Juan petitions pro se for review of the Board of Immigration Appeals’ (“BIA’s”) order dismissing her appeal from an immigration judge’s (“IJ’s”) order denying her application for *137 asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. Because the BIA adopted “the decision of the IJ, we review the IJ’s decision as if it were that of the BIA.” Abebe v. Gonzales, 432 F.3d 1037, 1039-41 (9th Cir.2005) (en banc). We dismiss in part and deny in part the petition for review.
The BIA dismissed Francisco-Juan’s asylum petition as untimely. We lack jurisdiction to review Francisco-Juan’s claim that deteriorating conditions in Guatemala constitute “changed circumstances” that would excuse her delay because it turns on disputed facts. See Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per cu-riam). We also lack jurisdiction to review Francisco-Juan’s claim that her inability to find an Kanjobal translator in Nebraska constitutes an “extraordinary circumstance” because it turns on disputed facts. See Dhital v. Mukasey, 532 F.3d 1044, 1049 (9th Cir.2008); Husyev v. Mukasey, 528 F.3d 1172, 1178 (9th Cir.2008). We reject Francisco-Juan’s claim that ignorance of the law is an “extraordinary circumstance” that would excuse her delay. See Antonio-Martinez v. INS, 317 F.3d 1089, 1093 (9th Cir.2003). We therefore dismiss Francisco-Juan’s petition seeking review the BIA’s denial of her asylum claim.
We review for substantial evidence the agency’s denial of withholding of removal, see Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000), and CAT relief, see Silaya v. Mukasey, 524 F.3d 1066, 1070 (9th Cir.2008). Substantial evidence supports the agency’s conclusion that, at most, Francisco-Juan was subject to forcible recruitment by guerillas in Guatemala, and was not targeted because of her status as a Kanjobal Indian. Silaya, 524 F.3d at 1070; INS v. Elias-Zacarias, 502 U.S. 478, 481-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).[1] Substantial evidence also supports the conclusion that Francisco-Juan could relocate to Guatemala City without facing persecution because she admitted that conditions were better in the cities and she would only be “inconvenienced” by relocating. See 8 C.F.R. § 1208.13(b)(2)(ii). We therefore uphold the agency’s denial of withholding of removal.
Substantial evidence supports the agency’s denial of CAT relief because Francisco-Juan’s testimony that “something might happen” to her if she were to return to Guatemala falls well short of establishing that she will “more likely than not” be tortured upon return. See Dhital, 532 F.3d at 1051.
PETITION FOR REVIEW DISMISSED in part and DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We need not reach the agency’s conclusion that Francisco-Juan failed to show that Kan-jobal Indians constitute a particular social group.