**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FENG SUN,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>Respondent. | No.   15-70060<br><br>Agency No. A089-293-677<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 20, 2018*
San Francisco, California

Before:  M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

Feng Sun, a native and citizen of China, petitions from the decision of the

Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial

of his I-589 Application for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C.

§ 1252, and we deny the petition for review.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.     Pursuant to 8 U.S.C. § 1158(a)(2)(B), an alien seeking asylum must apply within one year of his arrival in the United States, unless one of two statutory exceptions applies. *See* 8 U.S.C. § 1158(a)(2)(D) (late applications may be considered "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application"). Sun does not dispute that he entered the United States on May 13, 2006, and filed his asylum application on January 16, 2014. Thus, he failed to abide by the statutorily mandated one-year limitations period.

Sun has failed to demonstrate changed or extraordinary circumstances, and his two arguments to the contrary are unavailing. First, he argues that he experienced changed circumstances in September 2013, when he learned that he was eligible for asylum relief. But we have repeatedly held that, as complex as our immigration system may be, ignorance of the law is insufficient to establish changed or extraordinary circumstances. *See, e.g.*, *Francisco-Juan v. Mukasey*, 308 F. App'x 136, 137 (9th Cir. 2009). Contrary to Sun's reading of the case, our decision in *Taslimi v. Holder*, 590 F.3d 981 (9th Cir. 2010), does not hold otherwise. There, it was the applicant's "religious conversion [that] constituted changed circumstances materially affecting her eligibility for asylum." *Id.* at 987. The issue of when the applicant learned about the availability of asylum relief arose in the second step of

2

our analysis: whether she had applied for asylum within a reasonable time after her changed circumstances. *Id.* at 987–88. In a case such as this in which the applicant has failed to demonstrate changed circumstances, we do not reach that second step. *See* 8 C.F.R. § 1208.4(a)(4)(ii).

Second, Sun contends that his circumstances changed in April 2012, when he contacted the U.S. Attorney's Office to report Legend Stone's allegedly illegal business practices, and in July 2013, when he was arrested by Immigration and Customs Enforcement (ICE). His cooperation with the government, Sun argues, "motivated [Jimin] Chen and [Yunfei] Bai to make good on their earlier threats and have him removed." But Sun fails to sufficiently explain how Chen and Bai's actions or his arrest by ICE constituted persecution given that persecution is an "extreme concept" that includes the "infliction of suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Sun also does not explain how Chen and Bai's actions caused his "circumstances [to] change[] sufficiently [such] that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution," as the law requires. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). As the government correctly notes, by the time Sun began cooperating with the government, he had long been the victim of Chen and Bai's antagonism, including their threats to have him removed, and therefore could have

filed for asylum before April 2012. Thus, we deny the petition for review as to Sun's asylum claim on timeliness grounds.

2.    In his replacement opening brief, Sun fails to raise, and therefore waives, any challenge to the BIA's denial of his withholding of removal and CAT claims. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). Thus, we need not review those decisions by the BIA and IJ, and deny the petition as to Sun's withholding and CAT claims.

**AFFIRMED**.